[Civ. No. 26778.   First Dist., Div. Three.   Aug. 18, 1969.]

JUAN R. RUIZ, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; THE PEOPLE, Real Party in Interest.

Jerrold E. Levitin and Carter Stroud for Petitioner.

Paul Halvonik, Michael S. Moore, Howard, Prim, Smith, Rice & Dawn as Amici Curiae on behalf of Petitioner.

Thomas C. Lynch, Attorney General, Derald E. Granberg, Eric Collins and Robert R. Granucci, Deputy Attorneys General, for Respondent and for Real Party in Interest.

DRAPER, P. J.—This original proceeding concerns the permissible scope of discovery by the prosecution in a criminal case.

Petitioner is charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)). The district attorney moved for "pretrial discovery." His motion was supported by his affidavit that the alleged victim and a witness of the alleged assault had been interviewed by and had talked to an investigator for defendant or his attorneys. Defendant opposed the motion. The trial court ordered defense counsel to (1) "make available for inspection and copying to the District Attorney . . . any and all statements in your possession or available to you obtained from" the named witnesses, another person not shown by the affidavit to have been interviewed by the defense, "and any other witnesses other than the defendant"; (2) make similarly available "the names, addresses and statements of any witnesses other than the defendant which the attorneys for the defendant intend to call for the purpose of raising an affirmative defense." The order also provided (3) that it "is a continuing one, and in the event any material described in the above paragraphs becomes available to the defendant's attorneys subsequent to the signing of this order" they shall "make the names, addresses and statements of the witnesses available" to the prosecution. Petitioner sought prohibition or mandate from us, and we issued both alternative writs. We have concluded that prohibition is the appropriate remedy. The alternative writ of mandate is therefore discharged.

We first reject petitioner's attack upon those portions of the order which are not limited to an "affirmative defense." It is quite true that the leading case (*Jones* v. *Superior Court*, 58 Cal.2d 56 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213]) dealt with the "affirmative defense" of impotency, which defendant had announced he would assert in answer to a charge of rape. In a recent decision (*People* v. *Pike*, 71 Cal.2d 595, 605 [78 Cal.Rptr. 672, 455 P.2d 776]) our Supreme Court makes clear that it does not view *Jones* as being limited to affirmative defenses.

But a key limitation of *Jones* is not removed by *Pike*. Portions of the order before us require revelation of the names of

"any witnesses other than defendant," without limitation to those defendant intends to call. As pointed out in *Jones* (58 Cal.2d at p. 60) this would give the prosecution "the benefit of [defendant's] knowledge of . . . possible witnesses . . . for the purpose of preparing its case against him." In its reference to "defense witnesses" *Pike* obviously incorporates the limitation so carefully spelled out in *Jones*. The present order is fatally overbroad in failing to limit the required disclosure of names to those whom defendant intends to call. Thus limited, the discovery order would fall within *Jones* in that, so amended, it "simply requires petitioner to disclose information he will shortly reveal anyway" (58 Cal.2d at p. 62). Without that limitation, it is likely to force defendant to support the case against him by revealing the names of witnesses who may not be known to the prosecution.

*Jones* also strictly limited prosecution discovery of written materials to those the defendant intends to introduce in evidence at trial. That case dealt with physicians' reports upon a physical fact which could be established by medical evidence. Even within that restricted sphere, *Jones* limited discovery to those reports which the defense intended to introduce. It carefully struck down those portions of the discovery order not so limited because they would require defendant to give the prosecution "the benefit of his knowledge of . . . the existence of possible reports . . . for the purpose of preparing its case against him." (P. 60.)

*Jones* emphasizes (58 Cal.2d at pp. 60-62) that discovery cannot infringe upon the privilege against self-incrimination or upon the attorney-client privilege. It strikes a balance by requiring defendant to disclose, before trial, "information that he will shortly reveal anyway" (p. 62). Nothing in *Pike* eliminates this restriction. That case establishes the right to "require defense counsel to supply names and addresses and expected testimony of defense witnesses," without limitation to "affirmative" defenses. But in describing this as information which "would necessarily be disclosed at the trial" (71 Cal.2d at p. 605) it incorporates the limitation more fully spelled out in *Jones*.

The present order goes beyond permissible limits by apparently requiring disclosure of all statements of any witnesses interviewed by defense counsel, whether or not the defense intends to introduce such statements.

Insofar as the order before us requires petitioner to reveal the names and addresses of witnesses he intends to call, and

written material he intends to offer in evidence, it is permissible. To the extent that it exceeds those limits, the order cannot stand.

Let peremptory writ of prohibition issue restraining the trial court from proceeding in a manner inconsistent with the views expressed herein.

Brown (H. C.), J., and Caldecott, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied October 22, 1969.