[Civ. No. 28359. First Dist., Div. Four. July 9, 1970.]

NELSON RODRIGUEZ, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

494

---

**COUNSEL**

R. Jay Engel for Petitioner.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, Derald E. Granberg and Gloria F. DeHart, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**DEVINE, P. J.**—Petitioner for a writ of prohibition has been charged with violating Penal Code sections 187 (murder) and 459 (burglary) and the trial before a jury has commenced. Shortly before the drawing of the jury, the judge to whom the case had been assigned for trial, made an "order for prosecution discovery." Each of the six defendants including petitioner and their lawyers were charged by said order as follows: "Said defendants, and each of them, and their respective attorneys, Charles R. Garry, Michael Kennedy, Richard A. Hodge, and R. Jay Engel, are hereby ordered to furnish the prosecution with a list of defense alibi witnesses, if any, who are expected to testify at the trial of the above matter.

"Compliance with the Order must be made on or before the commencement of the jury selection of the trial of this case or as soon thereafter as the names of any defense alibi witnesses become known to the defendants or to their said attorneys, or any of them."

In his petition for the writ, Nelson Rodriguez states that he "has maintained since prior to his arrest that he was not present at either of the incidences giving rise to the alleged violations of Penal Code Sections 187 and 459." We issued an alternative writ of prohibition on June 17, 1970, making it returnable on June 26, 1970. Between those dates and on June 22, 1970, the United States Supreme Court held in *Williams* v. *Florida*, 399 U.S. 78 [26 L.Ed.2d 446, 90 S.Ct. 1893] that a Florida *statute* which requires the defense, under certain conditions, to disclose the names of alibi witnesses does not violate the privilege against self-incrimination as established by the Fifth Amendment and does not deprive the accused of a fair trial. But the *Williams* case does not solve the question which has been put before us. California does not have a statute requiring disclosure of the names of alibi witnesses. We conclude that in the absence of such a statute in this state, the trial court's order is invalid and that the writ should be granted preventing further proceeding under the order. Our reasons are these:

1. No case has been cited to us in which enforced disclosure of alibi witnesses has been upheld in the absence of statute. (In *People* v. *Lopez*, 60 Cal.2d 223, 244 [32 Cal.Rptr. 424, 384 P.2d 16], an order requiring

disclosure had been made but neither the record nor the briefs indicated that any information was furnished to the People as a result of the order; there was a similar situation in *People* v. *Dugas,* 242 Cal.App.2d 244, 249 [51 Cal.Rptr. 478], where no prejudice appeared because the witness whose name was disclosed under compulsion did not testify for the appellant but for his codefendant.) Indeed the most recent declarations about compulsory disclosure of defense witnesses found in *Prudhomme* v. *Superior Court,* 2 Cal.3d 320 [85 Cal.Rptr. 129, 466 P.2d 673], show the concern of our Supreme Court in the matter. The court in *Prudhomme* suggests a limited perimeter of the holding of *Jones* v. *Superior Court,* 58 Cal.2d 56 [22 Cal.Rptr. 879, 372 P.2d 919, 96 A.L.R.2d 1213], to which further reference is made below. The court in *Prudhomme* disapproves whatever views are ·inconsistent with the *Prudhomme* holding in *People* v. *Pike,* 71 Cal.2d 595 [78 Cal.Rptr. 672, 455 P.2d 726], *Ruiz* v. *Superior Court,* 275 Cal.App.2d 633 [80 Cal.Rptr. 523], *McGuire* v. *Superior Court,* 274 Cal.App.2d 583 [79 Cal.Rptr. 155], and *People* v. *Dugas, supra.* The order which had been made in the *Prudhomme* case was an extremely broad one requiring the names of all defense witnesses. But the case is relevant as showing the caution with which judges must approach compulsory discovery for the benefit of the prosecution.

■ 2. The court in *Williams* v. *Florida* approved a particular statute (Fla. Rule Crim. Proc., 1.200) which defines precisely the rights and duties of both parties and specifies the procedure to be followed. The court noted that it did not decide that the alibi-notice provisions of the statutes of other states were necessarily valid in all respects saying, "that conclusion must await a specific context and an inquiry, for example, into whether the defendant enjoys reciprocal discovery against the State." (*Williams* v. *Florida, supra,* 399 U.S. 78, 82 (fn. 11) [26 L.Ed.2d 446, 450].) Such reciprocal discovery is provided in the Florida statute. The state is required to notify the defendant of any witness it proposes to offer in rebuttal to that defense. (A preliminary examination of our own indicates that of the 16 states which have statutes of this nature,[1] only the

---

[1]Ariz. Rule Crim. Proc. 192 (B) (1956); Fla. Rule Crim. Proc. 1.200; Ind. Ann. Stat. §§ 9-1631—9-1633 (1956); Iowa Code, § 777.18 (1962); Kan. Gen. Stat. Ann. § 62-1341 (1964); Mich. Stat. Ann. §§ 28.1043-28.1044; Minn. Stat. § 630.14 (1961); N.J. Rules 3:5-9 (1958); N.Y. Code Crim. Proc. § 295-1 (1958); Ohio Rev. Code Ann. § 2945.58; Okla. Stat. tit. 22 § 585 (1961); Pa. Rule Crim. Proc. 312, 19 P.S.App. (1970); S. D. Com. Laws §§ 23-37-5—23-37-6; Utah Code Ann. § 77-22-17 (1964); Vt. Stat. Ann. tit. 13, §§ 6561, 6562 (1959); Wis. Stat. § 955.07 (1961).

Florida and New Jersey statutes contain explicit reciprocity provisions. Although the Attorney General in the case before us agreed at oral argument to give notice of rebuttal witnesses, this offer is not equivalent to the compulsion of reciprocal disclosure which might be made by statute.)

As further examples of the protection which is effected by the statutory enactment in Florida, we observe that the statute requires that a demand for disclosure be made by the district attorney (in many states the statutory provision applies whenever alibi is asserted as a defense); it requires that the demand be made 10 days before trial (the states have many variations of the required time); the statute requires the defendant to state the place where he claims to have been at the crucial time (most of the statutes do this); the statute allows the exclusion of alibi evidence in case of noncompliance (most of the statutes do this). There is a large difference in procedures between the rules as created by statute and orders which might be made by courts on a case-to-case basis.

Besides the enlightenment which a carefully drawn statute gives to the parties, there is the matter of intelligent appellate review. Thus, in the *Williams* case, the United States Supreme Court and, in other cases, the state appellate courts, reviewing the notice-of-alibi statutes were in position to assure themselves that the constitutional rights of all persons charged with crime were protected.

 3. But there is not only merely the absence of a relevant statute in California. There has been a definite rejection of notice-of-alibi legislation. A rather elaborate statutory plan was recommended by the California Law Revision Commission and considered by the Legislature in 1961, but was rejected. (3 Cal. Law Revision Com. Rep. Rec. & Studies (1961) pp. J-5 at J-21; Assem. Bill 464, 1961 Reg. Sess.) Earlier bills had been introduced in 1959 (Sen. Bills 530 and 531, 1959 Reg. Sess.), and as far back as 1926 the subject had been broached to the Legislature. (Cal. Bar Assn. Proc. 248 (1925-1926); 1931 Cal. Crime Com. Rep. at p. 10.) Opposition of the State Bar to the 1961 Law Revision Commission proposal was based not on doubts as to the constitutionality of the proffered statute (doubts which might be dissolved presently under the *Williams* case), but on the ground that "it would cause the harassment and intimidation of alibi witnesses by public officers." (*Report of the Committee on Criminal Law and Procedure* (1961) 36 State Bar J. 487.) Whatever the reason for rejection, the Legislature declined to pass the bill.

 4. The doctrine of judicial abstention should persuade courts not only to refrain from declaring statutes invalid except upon the most cogent reasons but also to forebear from adopting new and important procedural devices which the Legislature has considered and has rejected.

5. We have made reference above to *Jones* v. *Superior Court, supra,* 58 Cal.2d 56, which is cited by the People in response to the petition. In that case, the defendant, having been charged with rape, announced his intention to assert a defense of impotence. The California Supreme Court, while striking part of a discovery order, did support the order insofar as it required the accused to give the names of witnesses, reports, and X-rays which he intended to produce in support of the defense of impotence. Although, as we have said, the Supreme Court in *Prudhomme* expressed its reservations about the extent of the *Jones* holding, the court did not disapprove it as it did some expressions in other cases. But we do not find that the *Jones* case establishes a "common law" procedure which governs the case before us. The defense of impotence is a rare one and is an unlikely one to be the subject of statute. But the defense of alibi is common, statutes for notice-of-alibi have been enacted by many states and, as mentioned above, such proposals have been considered and rejected by our own Legislature. Also, in *Jones* the witnesses, probably physicians who would testify to the defense of impotence, might be expected to be less subject to harassment then would alibi witnesses. (See Note (1963) 76 Harv.L.Rev. 841.)

6. Although the order made in our case is broad, paradoxically it does not (and cannot in the absence of statute) go far enough. That it is broad appears from the generality of the reference to "defense alibi witnesses." Also, the order is general because, as the petition informs us, there was no inquiry by the court to ascertain that the witnesses could not provide a "link in a chain" of evidence of guilt (*Prudhomme* v. *Superior Court, supra,* 2 Cal.3d 320, 326-327.) The order does not define alibi witnesses but leaves that matter presumably to defense counsel to determine at their own peril. But at the same time the order is inadequate because it specifies no sanctions. The judge in colloquy with defense counsel indicated that the only sanction would be a contempt order, and the Attorney General at argument before us conceded that contempt was the only available sanction. This indeed seems correct because section 700 of the Evidence Code provides that, "Except as otherwise provided by statute, every person is qualified to be a witness and no person is disqualified to testify to any matter." Since there is no provision for exclusion of witnesses who testify to an alibi, the court would be powerless to prevent counsel at trial or perhaps the defendant himself from calling alibi witnesses even though their names had not been disclosed. The real purpose of the order thus could be defeated. Contempt proceedings against counsel would be inadequate and, in a sense, irrelevant. Indeed although we do not suggest what counsel's plans in this particular case may be, we think it likely that lawyers might, even at risk to themselves, sometimes choose to produce

the witnesses who under the Evidence Code would be competent to testify. Courts should issue only such orders as can be made effective by appropriate sanctions to produce an intended restult.

A peremptory writ of prohibition will issue restraining the Superior Court, City and County of San Francisco, from taking any further proceedings in action No. 75129 in connection with its order heretofore described.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied July 29, 1970. Christian, J., was of the opinion that the petition should be granted. The petition of the real party in interest for a hearing by the Supreme Court was denied September 4, 1970.