STATE OF NEBRASKA, APPELLEE, V. TALLULAH WOODS, APPELLANT.
577 N.W. 2d 564

Filed April 21, 1998.    No. A-97-642.

830

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HANNON, IRWIN, and MUES, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Tallulah Woods appeals from her conviction and sentence after a jury trial on a charge of acquiring a controlled substance through fraud. On appeal, Woods challenges, inter alia, the district court's order requiring her to disclose the identity of alibi witnesses and the court's denial of a separate hearing concerning the admissibility of prior bad acts evidence. Because we conclude that the district court erred with respect to both of these issues, the judgment of the court is reversed, and the matter is remanded for a new trial.

## II. BACKGROUND

Woods was acquainted with a woman named "Evangelisa Kingston." Kingston suffered from chronic pain and had been prescribed various painkillers, including Lorcet and Darvocet. On several prior occasions, Woods had gone to the pharmacy for Kingston, picked up Kingston's prescription, and delivered it to Kingston. However, sometime in 1996, Kingston informed Woods that she was no longer authorized to pick up Kingston's prescriptions for her.

On August 1, 1996, Woods and Kingston had a conversation, the substance of which was disputed at the time of trial. According to Kingston, Woods went to Kingston's home and asked Kingston if she had any painkillers which Woods could have. Kingston testified that she informed Woods that she had not picked up her latest prescription yet and that she would not get the prescription until the next day, August 2. According to Woods, the conversation concerned the possibility of Woods' living with Kingston for a short time. Woods testified that the subject of medication never came up during the conversation.

On August 2, 1996, Kingston went to a drugstore to pick up her prescription and discovered that it had already been picked up by somebody else. Brady Brostrom, a pharmacist from the drugstore, testified that he dispensed Kingston's prescription during the early morning hours of August 2, and he identified Woods as the individual who picked up the prescription.

In an information filed on October 11, 1996, the State charged Woods with acquiring a controlled substance through fraud, in violation of Neb. Rev. Stat. § 28-418 (Reissue 1995). Prior to trial, Woods filed a motion for discovery, pursuant to Neb. Rev. Stat. § 29-1912 (Reissue 1995), requesting to inspect and copy any statements made by Woods; any prior criminal record of Woods; the results and reports of any physical, mental, or scientific tests or experiments; and any other documents, papers, books, accounts, letters, photographs, objects, or other tangible things which could be used as evidence by the State.

According to a docket entry on March 3, 1997, at some time prior to trial Woods also filed a notice of intent to rely on alibi defense, although the notice itself does not appear in the transcript. According to the same docket entry, the court ordered Woods to disclose the identity of alibi witnesses. Woods first filed a motion to have the court reconsider the order to disclose the identity of alibi witnesses, but ultimately filed an "involuntary" disclosure of alibi witnesses, listing seven potential alibi witnesses, including Woods herself.

After a jury trial, Woods was found guilty on April 3, 1997, of acquiring a controlled substance through fraud. The district court subsequently sentenced Woods to 180 days in jail. This timely appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Woods has assigned 10 errors. Because our resolution of the first two assigned errors disposes of the case, we need not engage in a lengthy analysis of Woods' remaining assignments. Woods asserts that the district court erred in ordering her to disclose the identity of her alibi witnesses and that the district court erred in allowing testimony of prior bad acts without first conducting a separate hearing concerning the evidence's admissibility.

We note that Woods also challenges the sufficiency of the evidence to support her conviction. Our review of the record indicates that there was sufficient evidence to pass our scrutiny under *State v. Noll*, 3 Neb. App. 410, 527 N.W.2d 644 (1995).

## IV. ANALYSIS

### 1. DISCLOSURE OF ALIBI WITNESSES

■ Neb. Rev. Stat. § 29-1927 (Reissue 1995) provides as follows:

> No evidence offered by a defendant for the purpose of establishing an alibi to an offense shall be admitted in the trial of the case unless notice of intention to rely upon an alibi is given to the county attorney and filed with the court at least thirty days before trial, except that such notice shall be waived by the presiding judge if necessary in the interests of justice.

The record indicates that Woods filed a notice at some time prior to trial. It appears as if the notice may not have been timely, but it also appears that the case was held over to a later jury panel and the State acquiesced in the notice prior to trial. As such, the timeliness of the filing has not been presented for our review.

The first issue presented to us is whether the district court was correct in ordering Woods to disclose the identity of her alibi witnesses after she filed her notice of alibi defense pursuant to § 29-1927. Woods argues that there is no statutory authority for the district court to order her to disclose the identity of the witnesses. The State argues, primarily, that the court was authorized to order disclosure pursuant to the reciprocal discovery provisions of Neb. Rev. Stat. § 29-1916 (Reissue

1995). We will consider first whether reciprocal discovery mandated disclosure and second whether the alibi notice statute requires disclosure.

### (a) Reciprocal Discovery

Section 29-1916(1) provides as follows:

(1) Whenever the court issues an order pursuant to the provisions of sections 29-1912 and 29-1913, the court may condition its order by requiring the defendant to grant the prosecution like access to comparable items or information included within the defendant's request which:

(a) Are in the possession, custody, or control of the defendant;

(b) The defendant intends to produce at the trial; and

(c) Are material to the preparation of the prosecution's case.

The State asserts that because Woods obtained a discovery order pursuant to § 29-1912 and because the identity of alibi witnesses was in Woods' sole possession and was material information, the district court was justified in ordering disclosure pursuant to § 29-1916. We disagree.

■ Section 29-1916 specifically provides that the court may require the defendant to grant the State "like access to comparable items or information included within the defendant's request." This provision, in plain language, limits the State's right to reciprocal discovery to items comparable to those items requested by the defendant. Woods did not request any information concerning the identities, addresses, or substance of testimony of any of the State's witnesses. As such, the identities and addresses of Woods' witnesses, in addition to the fact that these particular witnesses would testify concerning an alibi, was not "comparable" to the information requested by Woods in her discovery request. The State was not entitled to this disclosure pursuant to the reciprocal discovery statute.

### (b) Alibi Notice Statute

■ The issue, then, becomes whether or not the alibi notice statute, § 29-1927, includes a grant of authority to the district court to order disclosure of the identity of alibi witnesses. Statutory interpretation is a matter of law, in connection with

which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination reached by the courts below. *State v. Kennedy*, 251 Neb. 337, 557 N.W.2d 33 (1996); *State v. Tingle*, 239 Neb. 558, 477 N.W.2d 544 (1991). In considering and applying a statute, an appellate court has an obligation to determine and give effect to the purpose and intention of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State v. Tingle, supra.* It is not for the courts to supply missing words or sentences to a statute to make clear that which is indefinite, or to supply that which is not there. *State v. Ryan*, 249 Neb. 218, 543 N.W.2d 128 (1996).

A review of § 29-1927 reveals that the statute took effect in 1993—long after the federal rules of criminal procedure adopted an alibi notice rule, long after numerous other jurisdictions adopted alibi notice rules, and long after our own jurisdiction adopted other notice rules such as the hearsay exception notice rule contained in Neb. Rev. Stat. § 27-804(2)(e) (Reissue 1995). Nebraska's alibi notice rule, however, does not appear to have been modeled after the language of any of the foregoing.

Fed. Rule of Crim. P. 12.1 requires the defendant in a criminal case, upon written demand of the government, to file a written notice of intention to offer an alibi defense. Rule 12.1 further requires that "[s]uch notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi." Similarly, the Maryland Court of Appeals noted in a 1983 decision that, at that time, "[a] requirement for notice of an alibi defense, with identification of proposed alibi . . . witnesses, now exists under statute or rule of court in 35 of our sister states and in the District of Columbia." *Taliaferro v. State*, 295 Md. 376, 387, 456 A.2d 29, 35 (1983).

The Nebraska alibi notice statute, § 29-1927, as noted above, was adopted in 1993. The Nebraska statute, however, does not contain an explicit requirement similar to that in the federal system or the other jurisdictions referenced above which would require a defendant, in addition to providing "notice of intention to rely upon an alibi," to also provide the names and

addresses of the witnesses upon which the defendant intends to rely in establishing the alibi defense. In addition to the fact that this Nebraska statute was adopted after the federal and other state statutes, such that the Legislature could have modeled the Nebraska statute after those statutes, we note that the Nebraska Legislature did require notice of the names and addresses of witnesses when it enacted § 27-804(2)(e). The Legislature stated that a proponent who desires to use the catch-all hearsay exception must make known to the adverse party "his intention to offer the statement and the particulars of it, including the name and address of the declarant." As such, it is apparent that the Legislature was fully aware of how to require such disclosure if it had desired to also require it in § 29-1927.

The statute in question, § 29-1927, must be strictly construed for two reasons. First, because it is a criminal discovery statute, it is comparable to a penal statute, and the Nebraska Supreme Court has repeatedly noted that penal statutes must be strictly construed by the courts. *State v. Kennedy, supra; State v. Brozovsky*, 249 Neb. 723, 545 N.W.2d 98 (1996); *State v. Ryan, supra*. Second, § 29-1927 effected a change in the common law in Nebraska because it required a defendant to make disclosure of intent to rely on a particular defense which was not previously required in Nebraska. According to the Nebraska Supreme Court, statutes which effect a change in the common law also must be strictly construed. *State v. Tingle*, 239 Neb. 558, 477 N.W.2d 544 (1991); *State Code Agencies Ed. Assn. v. State*, 231 Neb. 23, 434 N.W.2d 684 (1989).

Giving § 29-1927 a strict construction, and considering its plain language, it is apparent that the Legislature did not include a requirement that the defendant disclose the identity of alibi witnesses. The statute requires only that the defendant disclose his or her intention to rely on an alibi defense. We decline to infringe on the Legislature's province by adding disclosures not required by the language of the statute. We especially decline to do so in this arena, where the State's rights to discovery are strictly limited by statutory provisions. As such, we conclude that the district court erred in ordering Woods to disclose the identity of her alibi witnesses, and the case must be remanded. Recognizing that a certain amount of the damage

which such disclosure may cause has already occurred in this case, it is necessary that, as part of our remand, we direct a special prosecutor be appointed to prosecute the case. This remedy takes into account the fact that an error occurred and removes the prosecutor who received the improper information. We additionally order the district court to ensure that the special prosecutor shall not receive or use any information obtained as a result of the court's having ordered Woods to disclose the identity of her alibi witnesses. We trust that this procedure will ensure that the alibi witness information will be unexposed when the case is retried.

## 2. Rule 404(3) Hearing

Woods also asserts that the district court erred in allowing Kingston to testify concerning prior bad acts allegedly committed by Woods without first affording her a separate hearing pursuant to Neb. Rev. Stat. § 27-404(3) (Reissue 1995). Section 27-404 provides for the admissibility of evidence of other crimes, wrongs, or acts for purposes other than to show that a person acted in conformity with his or her character. § 27-404(2). Such evidence may be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* Section 27-404(3) provides:

> When such evidence is admissible pursuant to this section, in criminal cases evidence of other crimes, wrongs, or acts of the accused may be offered in evidence by the prosecution if the prosecution proves to the court by clear and convincing evidence that the accused committed the crime, wrong, or act. Such proof shall first be made outside the presence of any jury.

During her testimony, Kingston testified that Woods had picked up prescriptions for Kingston before and that the two had then shared the medication. Woods objected that Kingston's testimony constituted testimony of prior bad acts and that such testimony was inadmissible under § 27-404 without a separate hearing's being held. The court overruled Woods' objection. Kingston then testified that Woods had picked up Kingston's prescription on one prior occasion and that when the prescrip-

tion was given to Kingston, the quantity portion of the label had been torn off and several pills were missing. As a result of this occurrence, Kingston told Woods that she was no longer authorized to pick up Kingston's prescriptions for her. Woods objected to this testimony, also on the basis of § 27-404. The court again overruled Woods' objection.

On appeal, the State asserts that this testimony is not covered by the parameters of § 27-404. The State asserts that the first statement was volunteered by the witness, not given in direct response to a question by the prosecutor, and that the second statement was foundational information for why Kingston revoked the permission to pick up prescriptions and, therefore, is not covered by § 27-404. We disagree with both contentions.

Both of the statements at issue here concern prior actions of Woods. The first statement revealed to the jury that on prior occasions, Woods had received controlled substances without a prescription when Kingston "shared" the pills with her. The second statement revealed to the jury that on one prior occasion, Woods tore the quantity portion off a prescription bottle label and stole a portion of the pills. These statements are clearly evidence of prior bad acts of Woods, and if they were offered for any permissible use rather than to show that Woods acted in conformity with the prior actions, then they fall within the constraints of § 27-404. As such, the statements were not properly admissible without a separate hearing's being conducted outside the presence of the jury, at which time the State would have borne the burden of proving by clear and convincing evidence that Woods committed the prior actions. See *State v. Wilson*, 5 Neb. App. 125, 556 N.W.2d 643 (1996). This error by the district court constitutes another reason why the judgment must be reversed and the case remanded for new trial.

### V. CONCLUSION

Because we conclude that the district court committed reversible error both with respect to ordering Woods to disclose the identity of her alibi witnesses and with respect to admitting prior bad acts evidence without conducting a separate hearing, we reverse the conviction and remand the case for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.