STATE OF NEBRASKA, APPELLEE, V.
TALLULAH WOODS, APPELLANT.
587 N.W. 2d 122

Filed December 18, 1998.   No. S-97-642.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

The appellant, Tallulah Woods, was, pursuant to verdict, adjudged guilty of acquiring a controlled substance by fraud. The conviction arose from an incident in which it was alleged that Woods went to a pharmacy and picked up a prescription that did not belong to her.

Prior to her trial, Woods complied with a statutory requirement by filing a notice of her intent to present an alibi defense. The State subsequently asked that Woods be ordered to disclose her potential alibi witnesses, and the trial court granted this request. Under protest, Woods complied with the disclosure order. This appeal presents the issue whether a defendant may be ordered to disclose the names of alibi witnesses, absent a clear statutory authorization.

## FACTUAL BACKGROUND

Woods was charged by information with acquiring a controlled substance through fraud, in contravention of Neb. Rev. Stat. § 28-418(1)(c) (Reissue 1995). Violation of § 28-418(1)(c) is a Class IV felony, punishable, under Neb. Rev. Stat. § 28-105 (Reissue 1995), by up to 5 years' imprisonment, a fine of no more than $10,000, or both.

At some point prior to trial, Woods evidently filed a notice of intent to use an alibi defense pursuant to Neb. Rev. Stat. § 29-1927 (Reissue 1995), although such notice does not appear in the record on appeal. A hearing was held at which Woods' counsel advised the court that the alibi notice had been filed out of the 30-day time limit imposed by the statute. Counsel for Woods and the State later agreed to allow Woods to present an alibi defense, and the State waived any defect in notice.

The record also reveals that at the hearing, the court ordered Woods to disclose who her alibi witnesses would be. Woods then filed a motion asking the court to reconsider its alibi dis-

closure order. Subsequently, Woods filed an "Involuntary Disclosure of Alibi Witnesses," listing seven witnesses, including Woods; Woods' husband, Robert Woods; and Woods' daughter, Lakishia Jones. Thereafter, the State filed a motion asking the court to allow the taking of depositions from Woods' alibi witnesses. Following a hearing, the court overruled Woods' motion to reconsider and sustained the State's motion to allow depositions. The record does not reflect whether any witnesses were actually deposed prior to trial.

At trial, the State called Evangelisa Kingston, the person whose medication had allegedly been misappropriated. Kingston testified that she and Woods had become friends after being introduced by Kingston's granddaughter, who had lived with Woods for a time. Kingston had a history of medical problems that had required knee surgeries, the effect of which was to leave Kingston with "a lot of pain." Because of this, Kingston had been prescribed pain medications, including a medication known by the trade name "Darvocet."

Kingston said that she sometimes had people help her by picking up her medication and that Woods had been among them. Kingston testified that when this happened, Woods would pick up Kingston's prescription and bring it to Kingston, and the two would "share" the medication.

Woods' counsel objected to this testimony, arguing that it was character evidence of the sort prohibited by Neb. Rev. Stat. § 27-404(2) (Reissue 1995). Woods' counsel asked for an admonishment to the jury to disregard the statement and moved for a mistrial. However, the trial court did not admonish the jury as requested and overruled Woods' motion for mistrial.

Kingston further testified that Woods was no longer authorized to pick up prescriptions for Kingston. Kingston testified that the last time Woods had been given permission to pick up one of Kingston's prescriptions, the portion of the label indicating the quantity had been ripped off and Woods had taken more of the pills than she had indicated to Kingston.

Woods' counsel also objected to this testimony under § 27-404 and argued that this evidence could not be introduced without a hearing outside the presence of the jury as contemplated by § 27-404(3). The objection was overruled.

Finally, Kingston testified that on August 1, 1996, Woods had come to Kingston's house and asked if Kingston had any pills. Kingston reported telling Woods that Kingston did not have any pills because Kingston's new Darvocet prescription had not yet been picked up from her pharmacy, a Walgreen's drugstore located in Lincoln, Nebraska. Kingston said that she then specifically told Woods that one of Kingston's grand-daughters was going to take Kingston to get the prescription the next day. When Kingston went to pick up her prescription, how-ever, she was unable to do so.

Brady Brostrom, a pharmacist at the Walgreen's pharmacy, testified that during the morning of August 2, 1996, he was working the late shift at Walgreen's. Brostrom testified that between 7 and 8 o'clock that morning, he had dispensed a pre-scription filled for Kingston consisting of 30 tablets of generic Darvocet. Brostrom positively identified Woods as the person to whom he had given the prescription. Mary Amen, another Walgreen's pharmacist, testified that she had filled Kingston's prescription and that it contained generic Darvocet, which was a Schedule IV controlled substance.

Following Amen's testimony, the State rested. The defense called three witnesses: Woods, her husband, and her daughter. Woods testified that she had gone to see Kingston on the evening in question, but Woods denied asking Kingston about any drugs. Woods claimed that she had already obtained a pre-scription from her own doctor for Lorcet, which Woods said was a stronger medication than Darvocet. According to Woods, Kingston said nothing about a prescription.

Woods further testified that after leaving Kingston's house, Woods had gone home and then to her husband's place of employment, a local restaurant. Woods said that she remained there until after the restaurant closed, and then she and her hus-band went straight home. Woods said that she slept until nearly 9 o'clock the next morning. Woods claimed that shortly after she awoke, she went with her daughter and another woman to run several errands around Lincoln; Woods generally testified that she and her companions were away until about noon. Woods tes-tified that she had not been in the vicinity of Walgreen's during

the entire course of the morning on which Kingston's prescription was dispensed.

The remaining witnesses for the defense were Robert Woods and Jones. Robert Woods and Jones testified generally in corroboration of Woods' claim to have been elsewhere at the time that the prescription was allegedly misappropriated. Both witnesses were cross-examined generally regarding their memory of the events of August 2, 1996, as compared with their recollection of events on other particular days around the same time.

After Jones' testimony, the defense rested. The State offered no rebuttal evidence. The jury ultimately returned a guilty verdict, and the trial court entered judgment upon the verdict. Woods was sentenced to serve 180 days in the county jail.

Woods appealed to the Nebraska Court of Appeals, alleging, inter alia, that the trial court erred in ordering disclosure of Woods' alibi witnesses and in allowing the introduction of evidence of Woods' prior bad acts without a hearing. The Court of Appeals determined that Woods was correct on both issues and ordered the cause remanded for a new trial. *State v. Woods*, 6 Neb. App. 829, 577 N.W.2d 564 (1998). The State petitioned this court for further review, which we granted. The State's petition, however, alleged only that the Court of Appeals erred in its construction of the alibi notice statute; the State did not assign error to the Court of Appeals in any other regard.

## ASSIGNMENT OF ERROR

In its petition for further review, the State claims that the Court of Appeals erred in finding that under § 29-1927, a defendant is obliged to do no more than announce an intention to rely on an alibi defense at trial and need not provide names and addresses of the proposed alibi witnesses.

## SCOPE OF REVIEW

Interpretation of a statute presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. See *Kimball v. Nebraska Dept. of Motor Vehicles, ante* p. 430, 586 N.W.2d 439 (1998).

## ANALYSIS

### ERRORS NOT ASSIGNED IN
### PETITION FOR FURTHER REVIEW

We note, as a preliminary matter, that the State did not assign error to the Court of Appeals on any issues other than those presented by the notice-of-alibi statute. The Court of Appeals, however, found reversible error in both the trial court's interpretation of the notice-of-alibi statute and the trial court's erroneous admission of evidence of prior bad acts. *State v. Woods, supra.* The State does not assign error in the latter ground for reversal.

We have previously noted that a petition for further review and supporting memorandum brief must specifically set forth and discuss any error assigned to the Court of Appeals. *Baker's Supermarkets v. Feldman,* 243 Neb. 684, 502 N.W.2d 428 (1993) (citing Neb. Ct. R. of Prac. 2F(3) (rev. 1992)). We have also written that we will not consider errors not properly assigned in a petition for further review and discussed in the supporting memorandum brief. *Id.*

The only established exception to this rule is found in plain error. We have held:

> [A]n error in an opinion of the Court of Appeals concerning which no complaint is made in a petition for further review, but which is encompassed within the errors raised before the Court of Appeals and which, if uncorrected, would result in an erroneous direction for retrial of a cause, constitutes plain error for consideration on further review.

*Id.* at 691, 502 N.W.2d at 433.

We emphasize, however, that consideration of plain error occurs at the discretion of an appellate court and that a party who fails to properly assign an error on further review does so at its peril. We have held, in this context, that plain error will be noted only where an error is evident from the record, prejudicially affects a substantial right of a litigant, and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

With that in mind, we find no plain error in the Court of Appeals' resolution of the issues relating to § 27-404, and we will not reconsider such in this appeal. Our review of the record and the Court of Appeals' decision leads us to conclude that the Court of Appeals was correct in determining that evidence of Woods' prior bad acts was admitted without the statutorily required hearing, outside the presence of the jury, with the State proving by clear and convincing evidence that Woods committed such bad acts. See § 27-404(3). Woods' conviction must therefore be reversed and this cause remanded for a new trial.

With that established, we must consider whether it is proper for this court to consider the issue raised by the State's petition for further review. As this cause must, in any event, be remanded for new trial, consideration of the alibi notice statute has arguably been rendered moot. A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *DeCoste v. City of Wahoo, ante* p. 266, 583 N.W.2d 595 (1998); *State ex rel. Shepherd v. Neb. Equal Opp. Comm.*, 251 Neb. 517, 557 N.W.2d 684 (1997).

The public interest exception to the rule precluding consideration of moot issues, however, requires a consideration of the public or private nature of the question presented, the desirability of an authoritative adjudication for further guidance of public officials, and the likelihood of future recurrence of the same or similar problem. *State ex rel. Shepherd v. Neb. Equal Opp. Comm., supra.*

In the present case, we find that the elements of the public interest exception are met. An authoritative construction of the statute at issue is necessary to guide public officials, resolve public concerns, and prevent a recurrence of the uncertainty that is evident from the case at bar.

Moreover, the remedy proposed by the Court of Appeals in this case presents an issue of public concern. In order to prevent the State, on retrial, from taking advantage of information that the Court of Appeals found to be erroneously disclosed, the Court of Appeals ordered the appointment of a special prosecutor for retrial of this cause. In a further attempt to unscramble this particular egg, the Court of Appeals ordered the district

court "to ensure that the special prosecutor shall not receive or use any information obtained as a result of the court's having ordered Woods to disclose the identity of her alibi witnesses." *State v. Woods*, 6 Neb. App. 829, 836, 577 N.W.2d 564, 569 (1998).

The necessity and complexity of this remedy require review. Thus, because of the need for an authoritative adjudication of the statute at issue and because of the necessity to guide the court and counsel on the procedures at retrial, we will proceed to consider the State's assignment of error on further review regarding the Court of Appeals' resolution of the issue regarding disclosure of alibi witnesses.

## DISCLOSURE OF ALIBI WITNESSES

On appeal, Woods claimed that the trial court erred in ordering her to disclose the identity of her alibi witnesses. The statute providing a notice-of-alibi requirement in Nebraska is § 29-1927, which states:

> No evidence offered by a defendant for the purpose of establishing an alibi to an offense shall be admitted in the trial of the case unless notice of intention to rely upon an alibi is given to the county attorney and filed with the court at least thirty days before trial, except that such notice shall be waived by the presiding judge if necessary in the interests of justice.

By the plain language of this statute, Woods was required only to give notice of her intent to rely on an alibi defense and was not required, as the trial court ordered, to provide information regarding the witnesses she intended to call to support that alibi. The trial judge, nonetheless, in ordering disclosure of Woods' alibi witnesses, stated that "the defendant is obligated to disclose witnesses; that is, to identify witnesses, otherwise the thirty-day notice requirement to the alibi statute doesn't make much sense."

The trial court's reasoning, however, does not take into consideration certain basic tenets of statutory interpretation. We first note that when statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain the statute's meaning, so that, in the absence of a statutory indication to the

contrary, words in a statute will be given their ordinary meaning. *State v. Sorenson*, 247 Neb. 567, 529 N.W.2d 42 (1995); *State v. Salyers*, 239 Neb. 1002, 480 N.W.2d 173 (1992). A statute, rule, or regulation is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous. *Kimball v. Nebraska Dept. of Motor Vehicles, ante* p. 430, 586 N.W.2d 439 (1998); *Vinci v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 423, 571 N.W.2d 53 (1997). It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language; neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. *Father Flanagan's Boys Home v. Dept. of Soc. Servs., ante* p. 303, 583 N.W.2d 774 (1998); *State v. Burlison, ante* p. 190, 583 N.W.2d 31 (1998).

It is clear that the plain and ordinary language of § 29-1927 does not include a requirement that the defendant disclose the identity of alibi witnesses. It is not for the courts to supply missing words or sentences to a statute to make clear that which is indefinite, or to supply that which is not there. *State v. Jansen*, 241 Neb. 196, 486 N.W.2d 913 (1992); *State v. Salyers, supra.*

Moreover, notice-of-alibi statutes are in derogation of the common-law traditions of criminal procedure. The common law recognized no right of discovery in a criminal case by either the prosecution or the defendant. See *Scott v. State*, 519 P.2d 774 (Alaska 1974). See, also, generally, 2 Wayne R. LaFave and Jerold H. Israel, Criminal Procedure § 19.4 (1984); Annot., 45 A.L.R.3d 958 (1972 & Supp. 1998). In Nebraska, the prosecution has not been granted a right of discovery except as permitted by the court, with limitations clearly defined by statute. See Neb. Rev. Stat. §§ 29-1916 and 29-1917 (Reissue 1995). Additionally, in the absence of a statute, Nebraska has not required defendants to plead defenses in advance. See *State v. Clayburn*, 223 Neb. 333, 389 N.W.2d 314 (1986) (holding that in absence of statute, defendant was not required to plead self-defense in advance of trial).

Since Nebraska's notice-of-alibi statute effects a change in the common law, it must be strictly construed. Statutes which effect a change in the common law or take away a common-law right should be strictly construed, and a construction which

restricts or removes a common-law right should not be adopted unless the plain words of the statute compel it. *Stoneman v. United Neb. Bank*, 254 Neb. 477, 577 N.W.2d 271 (1998); *Mandolfo v. Chudy*, 253 Neb. 927, 573 N.W.2d 135 (1998).

We therefore hold that in the absence of a specific statutory directive, § 29-1927 does not allow a court to order the disclosure of the identity of a defendant's alibi witnesses prior to trial. This holding is consistent with the holdings of other appellate courts faced with similar circumstances. See, e.g., *State v. Miller*, 289 S.C. 316, 345 S.E.2d 489 (1986); *Reynolds v. Superior Court of Los Angeles County*, 12 Cal. 3d 834, 117 Cal. Rptr. 437, 528 P.2d 45 (1974); *Rodriguez v. Superior Court*, 9 Cal. App. 3d 493, 88 Cal. Rptr. 154 (1970) (holding that in absence of statute, courts were not empowered to adopt rule providing for discovery of alibi witnesses). Contra, *Commonwealth v. Edgerly*, 372 Mass. 337, 361 N.E.2d 1289 (1977).

It is understandable why the trial court may have questioned the efficacy of § 29-1927 without the requirement that a defendant disclose the identity of alibi witnesses. However, as an appellate court, we are often called upon to apply the plain and ordinary meaning of statutory language, and our task is not to pass on the wisdom or efficacy of the statute as written. The Court of Appeals properly noted that § 29-1927 became effective in 1993—long after the federal rules of criminal procedure adopted an alibi notice rule, long after numerous other jurisdictions adopted alibi notice rules, and long after Nebraska adopted other notice rules such as the hearsay exception notice rule contained in Neb. Rev. Stat. § 27-804(2)(e) (Reissue 1995). See *State v. Woods*, 6 Neb. App. 829, 577 N.W.2d 564 (1998). Observing that § 29-1927 was not modeled after the language of any of the foregoing, the Court of Appeals wrote:

Fed. Rule of Crim. P. 12.1 requires the defendant in a criminal case, upon written demand of the government, to file a written notice of intention to offer an alibi defense. Rule 12.1 further requires that "[s]uch notice by the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the wit-

nesses upon whom the defendant intends to rely to establish such alibi." Similarly, the Maryland Court of Appeals noted in a 1983 decision that, at that time, "[a] requirement for notice of an alibi defense, with identification of proposed alibi . . . witnesses, now exists under statute or rule of court in 35 of our sister states and in the District of Columbia." *Taliaferro v. State*, 295 Md. 376, 387, 456 A.2d 29, 35 (1983).

The Nebraska alibi notice statute, § 29-1927, as noted above, was adopted in 1993. The Nebraska statute, however, does not contain an explicit requirement similar to that in the federal system or the other jurisdictions referenced above which would require a defendant, in addition to providing "notice of intention to rely upon an alibi," to also provide the names and addresses of the witnesses upon which the defendant intends to rely in establishing the alibi defense. In addition to the fact that this Nebraska statute was adopted after the federal and other state statutes, such that the Legislature could have modeled the Nebraska statute after those statutes, we note that the Nebraska Legislature did require notice of the names and addresses of witnesses when it enacted § 27-804(2)(e). The Legislature stated that a proponent who desires to use the catch-all hearsay exception must make known to the adverse party "his intention to offer the statement and the particulars of it, including the name and address of the declarant." As such, it is apparent that the Legislature was fully aware of how to require such disclosure if it had desired to also require it in § 29-1927.

*State v. Woods*, 6 Neb. App. at 834-35, 577 N.W.2d at 568.

We agree. Section 29-1927 requires only that the defendant disclose his or her intention to rely on an alibi defense. We specifically decline to infringe on the Legislature's province by adding disclosures not required by the language of the statute, especially when other constitutional and statutory construction issues may be implicated. Therefore, we conclude that the Court of Appeals correctly determined that the trial court erred in ordering Woods to disclose the identity of her alibi witnesses, based on the plain and unambiguous language of § 29-1927.

## RECIPROCAL DISCOVERY PROVISION

Nonetheless, the State also urges this court to ratify the trial court's order of alibi witness disclosure, if not based upon § 29-1927, then upon the criminal reciprocal discovery provisions of § 29-1916. Section 29-1916 provides, in pertinent part, that whenever the court grants a request by the defendant for discovery, the court may

> condition its order by requiring the defendant to grant the prosecution like access *to comparable items or information included within the defendant's request* which:
>
> (a) Are in the possession, custody, or control of the defendant;
>
> (b) The defendant intends to produce at the trial; and
>
> (c) Are material to the preparation of the prosecution's case.

(Emphasis supplied.)

However, in the instant case, Woods filed a motion for discovery requesting to inspect and copy any statements made by Woods; any prior criminal record of Woods; the results and reports of any physical, mental, or scientific tests or experiments; and any other documents, papers, books, accounts, letters, photographs, objects, or other tangible things which could be used as evidence by the State. Woods did not request access to any information about the witnesses expected to testify for the prosecution. As such, Woods requested nothing that could be characterized as "comparable items or information" to a list of her alibi witnesses. Cf. *State v. Hinn*, 229 Neb. 556, 427 N.W.2d 791 (1988).

Therefore, the reciprocal discovery provisions of § 29-1916 provide no basis for the trial court's order that Woods disclose the identity of her alibi witnesses. The State's claim in that regard is without merit.

## PROCEDURE ON REMAND

Finally, because this cause is remanded for a new trial, and recognizing that some damage from Woods' disclosure of alibi witnesses has already occurred, we must consider the procedural remedy upon remand of the instant cause. In fashioning any sort of procedural remedy, we recognize that the remedy is unique to these unusual circumstances and must take into

account the nature of the damage from the disclosure of alibi witnesses at the initial trial.

We note that at trial, pursuant to the statutory notice of intent to use an alibi defense, Woods testified that she was not at or near the Walgreen's pharmacy during the early morning hours of August 2, 1996, when the prescription was allegedly misappropriated. Instead, Woods testified that she was at home, sleeping with her husband, until nearly 9 a.m. on August 2. Woods claimed that thereafter, shortly after she awoke, she went with her daughter and another woman to run several errands around Lincoln; Woods testified that she and her companions were away until about noon. Woods' husband and her daughter testified generally in corroboration of Woods' claim to have been elsewhere at the time of the alleged crime. The State minimally cross-examined both witnesses regarding their memory of the events of August 2, as compared with their recollection of events on other particular days around the same time. The State offered no rebuttal evidence regarding Woods' alibi defense.

Recognizing that the testimony of the State's witnesses and Woods' witnesses is now part of the public domain in the bill of exceptions, it is not realistic to expect that the district court will be able to employ a procedure that would effectively shield a new prosecutor from all information obtained as a result of the court's initial order of alibi witness disclosure. Further, we consider the fact that the testimony of Woods' husband and daughter, not unexpectedly, corroborated Woods' testimony of her whereabouts on August 2, 1996, and the State did little or nothing to impeach or rebut the alibi witnesses' testimony at trial.

Therefore, we order that the State, upon remand, be granted no further right of discovery with reference to the alibi witnesses that the trial court erroneously ordered Woods to disclose to the State. This remedy is designed to place the parties as close to the pretrial status quo as possible, given Woods' statutory notice of intent to use an alibi defense and the aforedescribed circumstances at trial.

## CONCLUSION

For all of the foregoing reasons, we conclude that the Court of Appeals (1) did not commit plain error in its resolution of the

issues relating to § 27-404 and (2) correctly determined that the trial court erred in ordering Woods to disclose the identity of her alibi witnesses based on the plain language of § 29-1927. The Court of Appeals was correct in reversing Woods' conviction and remanding the cause for a new trial; however, to the extent that the Court of Appeals ordered, upon remand, the appointment of a special prosecutor and directed the district court to ensure that the special prosecutor not receive or use any information obtained as a result of the erroneous order of alibi witness disclosure, the Court of Appeals' judgment is modified as follows: We order that the State, upon remand, be granted no further right of discovery with reference to the alibi witnesses that the trial court erroneously ordered Woods to disclose to the State. The Court of Appeals' judgment is affirmed in all other respects.

AFFIRMED AS MODIFIED.