STATE OF NEBRASKA, APPELLEE, V.
RONALD P. DREIMANIS, APPELLANT.

603 N.W. 2d 17

Filed December 3, 1999.   No. S-98-650.

Tom F. Wilson for appellant.

Don Stenberg, Attorney General, and Martin W. Swanson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## I. NATURE OF CASE
Ronald P. Dreimanis was convicted by a jury of first degree sexual assault in the district court for Lancaster County. His conviction was affirmed by the Nebraska Court of Appeals. *State v. Dreimanis*, 8 Neb. App. 362, 593 N.W.2d 750 (1999). We granted Dreimanis' petition for further review which challenged the Court of Appeals' analysis of the trial court's rulings relating to the admissibility of evidence of Dreimanis' prior conviction for sexual assault of a child. We affirm the Court of Appeals' decision.

## II. STATEMENT OF FACTS
On September 9, 1997, Dreimanis was charged with first degree sexual assault on a child under Neb. Rev. Stat. § 28-319 (Reissue 1995) for incidents which occurred between March 1, 1995, and August 10, 1997. Dreimanis entered a plea of not guilty, and the matter was set for trial. The victim in the instant

case, E.W., is a young girl who was 7 years old at the time of trial in 1998.

On March 3, 1998, the trial court held three hearings outside the presence of the jury: (1) a hearing pursuant to Neb. Evid. R. 404(3), Neb. Rev. Stat. § 27-404(3) (Reissue 1995), to determine the admissibility of evidence of Dreimanis' other crimes, wrongs, or acts under rule 404(2) (the 404 hearing); (2) a hearing pursuant to *State v. Olsan*, 231 Neb. 214, 436 N.W.2d 128 (1989), to determine the admissibility of evidence of Dreimanis' prior conviction in 1988 for sexual assault of a child, C.G., for the purpose of impeachment pursuant to Neb. Evid. R. 609, Neb. Rev. Stat. § 27-609 (Reissue 1995) (the *Olsan* hearing); and (3) a hearing, as required by *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), to determine the voluntariness of Dreimanis' statements to officers during the investigation of the charges in the instant case involving E.W. (the *Denno* hearing). A description of the hearings and the trial may be found in *State v. Dreimanis, supra.* In its opinion, the Court of Appeals refers to E.W. as "Jane" and C.G. as "Mary."

Following the three hearings noted above, the trial court held on March 4, 1998, as follows:

> With respect to 404, I have determined that evidence with respect to the acts concerning [E.W.]'s brother . . . are admissible, as well as the previous events with [C.G.] with respect to the prior conviction. It is admissible for purposes of impeachment should the defendant testify.
>
> And then I do find that the statements the defendant made to Officer Wilke [in connection with the investigation of the instant case] were freely and voluntarily made and those will be admissible as well.

The case proceeded to trial on March 4 and 5, 1998. At trial, Dreimanis did not testify. E.W. testified regarding the sexual assault at issue. Several other witnesses testified. The testimony included evidence of Dreimanis' prior conviction involving C.G. C.G. testified, over objection, that in 1987, when she was 9 years old and Dreimanis was 19 years old, Dreimanis had kissed, fondled, and digitally penetrated her while C.G.'s younger sister was in the room. Tim Domgard, a former officer with the Lincoln Police Department, testified over objection as

to statements Dreimanis had made to Domgard in connection with Domgard's investigation of the assault on C.G.

The case was submitted to the jury. The jury returned a guilty verdict on March 11, 1998. On April 29, Dreimanis was sentenced to a term of 8 to 12 years' imprisonment. Dreimanis appealed his conviction to the Court of Appeals.

Dreimanis made four assignments of error to the Court of Appeals: (1) The trial court erred in allowing testimony of a prior bad act; (2) the trial court erred in failing to make specific findings in its ruling on the 404 hearing; (3) the trial court erred in failing to determine whether Dreimanis' confession during his prior act was voluntary; and (4) his trial counsel was ineffective. On April 27, 1999, the Court of Appeals issued its opinion rejecting each of Dreimanis' assignments of error and affirming the decision of the trial court in all respects. Specific portions of the Court of Appeals' opinion relevant to our decision are described below in our analysis. Dreimanis successfully petitioned this court for further review.

## III. ASSIGNMENTS OF ERROR

Dreimanis states in his petition for further review that the Court of Appeals erred (1) "when it determined that the decision in State v. Osborn, 250 Neb. 57 (1996) only applied to motions to suppress," (2) "when it determined that the district court's order implicitly contained specific findings as to the purpose for which the testimony was admissible," (3) "when it determined that [Dreimanis] was not entitled to a Jackson v. Denno hearing with regard to his statement made to police in a prior act because he had pled guilty in that case and therefore waived all defenses," and (4) "when it determined that the district court allowing the admission of [Dreimanis'] prior conviction into evidence in direct conflict and contrary to it's [sic] prior ruling on its admissibility had no prejudicial impact and was not plain error."

## IV. STANDARD OF REVIEW

In all proceedings where the Nebraska Evidence Rules apply, admissibility of evidence is controlled by the Nebraska Evidence Rules, not judicial discretion, except in those

instances under the rules when judicial discretion is a factor involved in determining admissibility. *State v. Sanchez*, 257 Neb. 291, 597 N.W.2d 361 (1999); *State v. McManus*, 257 Neb. 1, 594 N.W.2d 623 (1999). Because the exercise of judicial discretion is implicit in Neb. Evid. R. 401, Neb. Rev. Stat. § 27-401 (Reissue 1995), it is within the discretion of the trial court to determine relevancy and admissibility of evidence of other wrongs or acts under Neb. Evid. R. 403, Neb. Rev. Stat. § 27-403 (Reissue 1995), and rule 404(2), and the trial court's decision will not be reversed absent an abuse of that discretion. *State v. Sanchez, supra; State v. McManus, supra.*

## V. ANALYSIS
### 1. SPECIFIC FINDINGS: TRIAL COURT'S 404 RULING

Taking Dreimanis' first two assignments of error on further review together, Dreimanis asserts that the Court of Appeals erred in determining that the trial court was not required to make express findings in its ruling pursuant to rule 404 and in determining that the trial court's 404 ruling implicitly contained specific findings as to the purpose under rule 404 for which evidence regarding the prior conviction involving the victim C.G. was received. Dreimanis relies on *State v. Osborn*, 250 Neb. 57, 547 N.W.2d 139 (1996), as support for these two assignments of error. Because the rulings by the trial court and Court of Appeals antedate our decision in *State v. Sanchez, supra*, we reject these assignments of error as more fully explained below.

In *Osborn*, we held that "district courts shall articulate in writing or from the bench their general findings when denying or granting a motion to suppress." 250 Neb. at 67, 547 N.W.2d at 145. The Court of Appeals noted that our holding in *Osborn* expressly addressed rulings on motions to suppress and that, at the time of the trial court's ruling on the 404 hearing, no authority existed extending the *Osborn* requirement of specific findings regarding motions to suppress to rule 404 findings.

On July 16, 1999, subsequent to both the trial court's and the Court of Appeals' decisions in the instant case, we issued our opinion in *State v. Sanchez, supra*. In *Sanchez*, we held that

*henceforth*, the proponent of evidence offered pursuant to rule 404(2) shall, upon objection to its admissibility, be

> required to state on the record the specific purpose or purposes for which the evidence is being offered and that the trial court shall similarly state the purpose or purposes for which such evidence is received.

(Emphasis supplied.) 257 Neb. at 308, 597 N.W.2d at 374. We further held that "[a]ny limiting instruction given upon receipt of such evidence should likewise identify only those specific purposes for which the evidence was received." *Id.*

In the present case, prior to trial, the trial court's ruling on the 404 hearing did not state the specific purpose or purposes for which evidence of Dreimanis' other bad acts would be received. At trial, when Dreimanis objected to the admission of such evidence on the basis of relevance and rule 404, his objections were overruled without a statement of the specific purpose or purposes for which the evidence was received. The trial court gave jury instruction No. 12 regarding evidence of Dreimanis' other acts as follows:

> You heard evidence that the defendant 1) sexually assaulted [C.G.], 2) sexually assaulted [E.W.'s brother], and 3) caused [E.W.] to rub his penis. Such evidence was not received to prove the character of the defendant in order to show that he acted in conformity therewith. Such evidence was received only for the limited purpose of helping you to decide whether the defendant had the motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident to commit the first degree sexual assault of a child charged. You must consider the evidence for that limited purpose and for no other.

The limiting instruction given to the jury recited the enumerated purposes for which evidence may be admitted under rule 404(2) but did not identify the specific purpose or purposes for which the evidence was received. In sum, the trial court's rulings admitting evidence of prior bad acts do not indicate the purpose for which they were admitted.

The trial court's rulings do not comport with our opinion in *State v. Sanchez*, 257 Neb. 291, 597 N.W.2d 361 (1999). However, as noted, Dreimanis' trial took place in March 1998, prior to the issuance of our opinion in *Sanchez*. We stated in *Sanchez* that the requirements imposed on the trial courts to

state the specific purposes for admission of evidence under rule 404(2) would apply "henceforth," *id* at 308, 597 N.W.2d at 374, and therefore, we cannot find that the Court of Appeals erred in concluding that, at the time of its ruling and that of the trial court, the trial court was "under no obligation to make express findings in rulings pursuant to rule 404." See *State v. Dreimanis*, 8 Neb. App. 362, 370, 593 N.W.2d 750, 757 (1999). We reject Dreimanis' first assignment of error.

With respect to the second assignment of error, namely, that the Court of Appeals erred in implicitly finding that the trial court made specific findings under rule 404, Dreimanis misreads the Court of Appeals' opinion. Contrary to Dreimanis' assertion, the Court of Appeals did not find that the trial court made specific findings, but, rather, concluded that specific findings under rule 404 were not required, and consequently, the absence of specific findings by the trial court was not error. Accordingly, we reject Dreimanis' second assignment of error.

At oral argument, Dreimanis' counsel argued that notwithstanding the language of the first and second assignments of error on further review, these assignments of error should be interpreted by this court as challenging the Court of Appeals' conclusion that evidence regarding the prior sexual assault of C.G. was admitted for a proper purpose under rule 404. We have reviewed the first and second assignments of error on further review and determine that the first and second assignments of error on further review simply do not pose the issue of the admissibility of the prior bad act under rule 404.

■■■■ A petition for further review and supporting memorandum brief must specifically set forth and discuss any error assigned to the Court of Appeals. *State v. Woods*, 255 Neb. 755, 587 N.W.2d 122 (1998). Absent plain error, our review on a petition for further review is restricted to matters assigned and argued in the briefs. *State v. Al-Zubaidy*, 257 Neb. 935, 602 N.W.2d 8 (1999).

Because the issue of admissibility of evidence of prior bad acts regarding C.G. under rule 404 was not properly assigned in Dreimanis' petition for further review nor was it argued in the supporting brief, the issue is not properly before us on further

review, and we render no opinion regarding the admissibility of such evidence under rule 404.

### 2. *DENNO* HEARING REGARDING STATEMENTS MADE BY DREIMANIS DURING PRIOR INVESTIGATION OF SEXUAL ASSAULT OF C.G.

As his third assignment of error, Dreimanis asserts on further review that the Court of Appeals erred when it found that Dreimanis was not entitled to a *Denno* hearing regarding statements he made to police during the investigation of the prior sexual assault involving C.G. This assignment of error is without merit.

In connection with its analysis of Dreimanis' claim that the trial court should have afforded him a *Denno* hearing in the instant case, which involves E.W., regarding statements he made in connection with the investigation of the previous case involving C.G., the Court of Appeals stated as follows:

> Whether the statements Dreimanis made during the course of that investigation [of the victim C.G.] were voluntary was resolved by his guilty plea in that case. The voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. . . . Dreimanis cannot now raise an issue he long ago waived.

*State v. Dreimanis*, 8 Neb. App. 362, 371, 593 N.W.2d 750, 757 (1999).

The Court of Appeals further observed that it was not required to decide the issue of whether Dreimanis was entitled to a *Denno* hearing in the instant case regarding the statements he made during the prior investigation involving C.G. because Dreimanis had not preserved that issue for appellate review. The Court of Appeals stated:

> Dreimanis never raised this issue during pretrial proceedings and never sought a *Denno* hearing [related to the previous investigation of the case involving the victim C.G.]. . . . Because Dreimanis did not object on the basis of whether his statements in the investigation of the sexual assault on [C.G.] were voluntary, and such issue is not

apparent from the context, the matter was not preserved for appellate review.

*Id.* at 371, 593 N.W.2d at 757.

A review of the record indicates that Dreimanis' objections to the admission of his statements made in the course of the investigation of the prior case involving C.G., as well as all other evidence of the prior conviction, was limited to relevance and rule 404. Dreimanis did not attack the voluntariness of his statements regarding the C.G. investigation in the trial of the instant case, and no such objection is apparent from the context. Because such challenge was not made at the trial level, it has not been preserved for appeal. See *State v. Schrein,* 244 Neb. 136, 504 N.W.2d 827 (1993). Further, we make no comment on the propriety of the collateral attack based on *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), proposed by Dreimanis on appeal.

We agree with the Court of Appeals that Dreimanis did not preserve this issue for appellate review and accordingly reject Dreimanis' third assignment of error.

### 3. PLAIN ERROR IN ADMISSION OF EVIDENCE
### OF PRIOR CONVICTION

For his fourth assignment of error, Dreimanis claims the Court of Appeals erred "when it determined that the district court allowing the admission of [Dreimanis'] prior conviction into evidence in direct conflict and contrary to it's [sic] prior ruling on its admissibility had no prejudicial impact and was not plain error." Specifically, Dreimanis argues that the Court of Appeals erred in not finding plain error for two reasons. First, he asserts that admission of evidence of his prior conviction was plain error because no *Denno* hearing was held to determine the voluntariness of his statements to police in the prior case. Second, he asserts that the trial court's stated purpose for admitting such evidence was impeachment in the event Dreimanis testified, and because he did not testify, such evidence could not have been received, and such admission was plain error. We reject both arguments.

Consideration of plain error occurs at the discretion of an appellate court, and a party who fails to properly assign an

error on further review does so at its peril. *State v. Al-Zubaidy*, 257 Neb. 935, 602 N.W.2d 8 (1999); *State v. Woods*, 255 Neb. 755, 587 N.W.2d 122 (1998). Plain error will be noted only where an error is evident from the record, prejudicially affects a substantial right of a litigant, and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Woods, supra.*

### (a) *Denno* Hearing

Dreimanis asserts that admission of evidence of his statements to police during the investigation of the prior sexual assault was plain error because no *Denno* hearing was held to determine whether such statements were voluntary. As discussed above, the Court of Appeals found that Dreimanis did not raise this issue during pretrial proceedings and did not seek a *Denno* hearing relating to those statements. The Court of Appeals further found that Dreimanis did not object to the admission of his statements regarding C.G. on the basis of voluntariness and that such issue was not apparent from the context. We agree with these findings of the Court of Appeals, and because the issue was not evident from the record, we reject Dreimanis' argument that the Court of Appeals erred in failing to find plain error regarding the *Denno* hearing involving the investigation of the sexual assault of C.G.

### (b) *Olsan* Ruling: Impeachment

Dreimanis asserts that the admission of prior conviction evidence at trial was plain error because the trial court had limited the introduction of such evidence exclusively to impeachment in the event Dreimanis testified. Dreimanis argues that because he did not testify at trial, the need for impeachment did not arise, and it was plain error for the trial court to receive the evidence in the absence of his testimony. We disagree.

The trial court's ruling after the 404, *Olsan*, and *Denno* hearings stated in pertinent part: "With respect to 404, I have determined that evidence with respect to the acts concerning [E.W.]'s brother . . . are admissible, as well as the previous events with

[C.G.] with respect to the prior conviction. It is admissible for purposes of impeachment should the defendant testify."

Dreimanis asserts that pursuant to the trial court's ruling, impeachment was the *only* purpose for which evidence of his prior conviction was admissible and that because he did not testify, the prior conviction evidence was improperly admitted at trial. However, Dreimanis misinterprets the trial court's ruling.

In its analysis, the Court of Appeals observed: "It is clear from the context of the proceedings that the trial court's comment regarding impeachment was directed toward the *Olsan* aspect of the proceedings." *State v. Dreimanis*, 8 Neb. App. 362, 373, 593 N.W.2d 750, 758 (1999). We agree with the Court of Appeals' assessment. Given the combined nature of the pretrial hearing, the trial court was obligated to rule, inter alia, on whether evidence of the prior conviction was admissible under rule 404(2) and, separately, on whether it was admissible under *State v. Olsan*, 231 Neb. 214, 436 N.W.2d 128 (1989), for impeachment, should Dreimanis testify. In the portion of its ruling quoted above, the trial court ruled in the first sentence that the evidence was admissible for rule 404 purposes without specification and then ruled in the second sentence that it was also admissible for impeachment purposes under *Olsan* should Dreimanis testify. We reject Dreimanis' assertion that the trial court's ruling limited the use of prior conviction evidence exclusively for the purpose of impeachment and that the Court of Appeals erred in failing to find plain error in the trial court's admission of the challenged evidence at trial simply because the admission was on non-*Olsan* grounds. Dreimanis' fourth assignment of error is without merit.

## VI. CONCLUSION

Upon further review, we reject Dreimanis' assignments of error and affirm the decision of the Court of Appeals.

AFFIRMED.