Travis J. ADAMS, Plaintiff,

v.

**TENNECO AUTOMOTIVE OPERATING COMPANY, INC., a Delaware Corporation licensed to do business in Nebraska, Defendant.**

No. 4:04 CV 3208.

United States District Court, D. Nebraska.

March 22, 2005.

Joy A. Shiffermiller, Shiffermiller Law Firm, Lincoln, NE, for Plaintiff.

Timothy R. Engler, Harding, Shultz Law Firm, Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

In this diversity case, the plaintiff, Travis J. Adams, claims that while working for the defendant, Tenneco Automotive Operating Company, Inc., he was discriminated against because of his marital status, in violation of the Nebraska Fair Employment Practice Act (NFEPA), which provides:

It shall be an unlawful employment practice for an employer:

(1) To fail or refuse to hire, to discharge, or to harass any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, disability, marital status, or national origin; or

(2) To limit, advertise, solicit, segregate, or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect such individual's status as an employee, because of such individual's race, color, religion, sex, disability, marital status, or national origin.

Neb.Rev.Stat. Ann. § 48–1104 (LexisNexis 2002). For purposes of the NFEPA, "marital status" means "the status of a person whether married or single." Neb. Rev.Stat. Ann. § 48–1102(12) (LexisNexis Cum.Supp.2004).

Adams claims that he was discriminated against because he was having marital problems, he was going through a divorce,

and he ultimately obtained a divorce. Adams also claims that Tenneco retaliated against him for filing a claim of marital status discrimination with the Nebraska Equal Opportunity Commission (NEOC). Essentially, Adams claims that he was discriminated against because he was separated and later divorced.

At the close of the plaintiff's evidence, I find that there is no legally sufficient evidentiary basis for a reasonable jury to find that Adams was discriminated against in violation of Nebraska law because he was either married or single. Therefore, pursuant to Fed.R.Civ.P. 50(a), I will enter judgment as a matter of law in Tenneco's favor on the "marital status" discrimination claims.

There is no evidence that Adams was discriminated against in whole or in part because he was married or because he was single. In fact, the evidence is all to the contrary. Assuming, without deciding, that there was some evidence that Adams suffered an adverse employment action because he was "separated" or because he was "divorced," Nebraska law, properly construed, does not prohibit private employers from making decisions based upon such classifications.

While employment discrimination statutes in some states define "marital status" to include separation and divorce, *see, e.g.,* Minn.Stat. Ann. § 363A.03, subd. 24 (Thomson/West 2005) (" 'Marital status' means whether a person is single, married, remarried, divorced, separated, or a surviving spouse and, in employment cases, includes protection against discrimination on the basis of the identity, situation, actions, or beliefs of a spouse or former spouse."), or else do not define the term, *see, e.g.,* Mich. Comp. Laws Ann. § 37.2202

(Thomson/West 2005), the Nebraska Act is quite specific—a person's marital status is either married or single.[1] In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *Arthur v. Microsoft Corp.*, 267 Neb. 586, 676 N.W.2d 29, 35 (2004). It is the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *Kosmicki v. State*, 264 Neb. 887, 652 N.W.2d 883, 890 (2002). It is not for the courts to supply missing words or sentences to a statute to make clear that which is indefinite, or to supply that which is not there. *State v. Woods*, 255 Neb. 755, 587 N.W.2d 122, 128 (1998).

█ In short, there are four reasons why Nebraska law does not prohibit "discrimination" in the private employment context based upon the status of being "separated" or "divorced." First, the plain words of the Nebraska statute do not create classifications or prohibit discrimination in the private employment context related to the status of being "separated" or "divorced." Quite the contrary, the law defines "marital status" in a limited fashion, that is, "married" or "single." Second, out of an abundance of caution and despite the plain words of the statute, I have reviewed the legislative history and the legislative history does not support the plaintiff's legal theory.[2] Third, when Nebraska wants to extend the definition of "marital status" beyond "married" or "single" it knows how to do that. *See, e.g.,* Neb.Rev.Stat. Ann. § 85–9,168(4) (Lexis-Nexis 2003) (pertaining to discrimination by educational institutions and stating that "[f]or purposes of this section martial status shall include the condition of being single, married, widowed, or divorced."); Neb.Rev.Stat. Ann. § 79–2,116(4) (Lexis-Nexis 2003) (same). Having not done here what it has done in other circumstances (expand the definition), such an omission indicates that the Nebraska legislature has, at the very least, acquiesced in a limited definition of "marital status" for private employment matters. Fourth, the parties have not cited, and I have not found, any Nebraska case supporting the plaintiff's expansive reading of the plain and limited words of the statute.

For the foregoing reasons,

IT IS ORDERED that the defendant's Rule 50 motion is granted with respect to the plaintiff's "marital status" discrimination claims. That is, the plaintiff shall take nothing on the "marital status" discrimination claim and judgment shall be entered, at the appropriate time and by separate document, in favor of the defendant on that claim.

█

---

1. Hawaii's definition appears to be similar to Nebraska's definition. *See* Hawaii Rev. Stat. Ann. § 378–1 (Thomson/West 2005) (" 'Marital status' means the state of being married or being single."). Like Nebraska, the Hawaiian courts do not appear to have examined the question presented in this case.

2. *See* Court's Exhibit 1 for the legislative history provided by the defendant. Counsel for the plaintiff has advised that she was unable to find any other pertinent legislative history.