STATE OF NEBRASKA, APPELLEE, V.
CURTIS R. MULINIX, APPELLANT.

687 N.W.2d 1

Filed September 14, 2004. No. A-03-466.

Robert L. Wolf, Deputy Hall County Public Defender, for appellant.

Jon Bruning, Attorney General, and Jeffrey J. Lux for appellee.

INBODY, MOORE, and CASSEL, Judges.

INBODY, Judge.

## I. INTRODUCTION

After a jury trial in Hall County, Nebraska, Curtis R. Mulinix was convicted on one count of driving with a revoked operator's license from previous driving under the influence (DUI) convictions, one count of driving without a valid registration, and one count of possessing an open alcoholic container in a vehicle. Mulinix appeals from his convictions and sentences, alleging that insufficient evidence existed to sustain any of the convictions and that his sentences were excessive. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

On May 14, 2002, Mulinix was charged by information with one count of driving with a revoked operator's license from previous DUI convictions, a Class IV felony; one count of driving without a valid registration, a Class III misdemeanor; and one count of possessing an open alcoholic container in a vehicle, a traffic infraction.

A jury trial was held February 11, 2003. The State's only witness was Grand Island police officer James Colgan. Officer Colgan testified that he had been employed as a police officer for 7 years, that he had trained at the Nebraska Law Enforcement Training Center, and that he had attended numerous other training sessions. Officer Colgan said that on March 5, 2002, he was

working at approximately 4:10 in the afternoon when he responded to a call in reference to a theft from a vehicle. Officer Colgan testified that he observed a vehicle matching the description of the suspect vehicle, initiated a stop of the vehicle, contacted the vehicle's driver and passengers, and asked them for identification. He stated that the driver was unable to provide identification, but that by speaking with the driver, Officer Colgan learned that the driver was Mulinix.

Officer Colgan testified that he then conducted an investigation into Mulinix's driving privileges and found out that Mulinix's "license was suspended in the State of Nebraska." Officer Colgan stated that because Mulinix was unable to provide registration for the vehicle he was driving, he was issued a citation, and that Mulinix was then placed under arrest "for driving during suspension and an open container which was found in the vehicle." Officer Colgan testified that an open container was "located in between the front two seats of the vehicle adjacent to the driver's-side right rear corner [and that i]t was a container of alcohol, beer." Officer Colgan noted that the container was "partially empty" and that all of the events he described during his testimony occurred in Hall County.

On cross-examination, Officer Colgan admitted that Mulinix had provided "a registration as well as a bill of sale [for the vehicle], which was beyond the 30-day scope." Officer Colgan noted that he had seized the registration produced by Mulinix but that he did not have it with him at the trial. Officer Colgan also admitted that while he remembered that the open container was "labeled as a container of alcohol or beer," he could not recall the brand of beer. He testified that he thought it was beer because

> the odor of an alcoholic beverage that I associate with beer came from the can, and when I dumped it out, the consistency of the liquid within the container also appeared to be an alcoholic beverage, beer, and as it hit the pavement along the curb, it foamed in a manner consistent with beer.

He also stated that he retained the can until it could be photographed, at which time the can was thrown away. However, he did not bring the photograph of the container with him to the trial. Finally, Officer Colgan testified that he was familiar with what beer looked and smelled like and that while nonalcoholic beer

looks and foams like beer, he did not believe it smelled the same as beer containing alcohol.

After Officer Colgan's testimony was completed, the State offered exhibit 2, which included a journal entry from the Hall County Court filed September 20, 1991. The journal entry indicated that on June 24, 1991, Mulinix pled guilty to his third DUI offense, and that he was sentenced for that offense on August 23. The journal entry also indicated that Mulinix's operator's license was "suspended" for 15 years and that Mulinix was "ordered not to drive in the State of Nebraska for [a] like period." Mulinix then moved for a mistrial, but the motion was overruled. Mulinix also asked the trial court for directed verdicts on all three counts against him, but the trial court overruled this motion as well. The defense presented no evidence, and after the jury was instructed, the case was submitted to the jury for deliberations.

After deliberating, the jury found Mulinix guilty of one count of driving with a revoked operator's license from previous DUI convictions, one count of driving without a valid registration, and one count of possessing an open alcoholic container in a vehicle. At a hearing held on March 27, 2003, the district court sentenced Mulinix to 1 to 2 years' imprisonment on his conviction of driving with a revoked operator's license from previous DUI convictions. Mulinix was further ordered to pay a $100 fine for his conviction of driving without a valid registration, a $50 fine for his conviction of possessing an open alcoholic container in a vehicle, and the applicable court costs. The trial court gave Mulinix credit for 13 days served. Mulinix has timely appealed to this court.

### III. ASSIGNMENTS OF ERROR

Mulinix alleges, restated, that there was insufficient evidence to support his convictions and that the sentences imposed upon him were excessive.

### IV. STANDARD OF REVIEW

■ In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed

most favorably to the State, is sufficient to support the conviction. *State v. Jackson*, 264 Neb. 420, 648 N.W.2d 282 (2002).

■ When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

■ An appellate court will not disturb sentences that are within statutory limits, unless the district court abused its discretion in establishing the sentences. *State v. Decker*, 261 Neb. 382, 622 N.W.2d 903 (2001).

■ An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

## V. ANALYSIS

### 1. INSUFFICIENT EVIDENCE

Mulinix first alleges that there was insufficient evidence presented at trial to support each of his convictions. When assessing allegations of insufficient evidence on appeal,

> an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. . . .
>
> When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations omitted.) *State v. Jackson*, 264 Neb. at 426-27, 648 N.W.2d at 289. Since the evidence needed to support each conviction is different, we will assess the sufficiency of the evidence for each conviction in turn.

### (a) Driving With Revoked License

Mulinix first asserts that there was insufficient evidence to support his conviction of driving with a revoked operator's license from previous DUI convictions. In order to convict Mulinix of that crime, the State needed to prove beyond a reasonable doubt that Mulinix operated a motor vehicle on the highways or streets of Hall County during the time his operator's license was revoked pursuant to Neb. Rev. Stat. § 60-6,196(2)(c) or (d) (Cum. Supp. 2002). Mulinix concedes that he was driving the vehicle stopped by Officer Colgan on March 5, 2002. However, Mulinix's argument that there was insufficient evidence to sustain his conviction of driving with a revoked operator's license from previous DUI convictions stems from his allegation that he was driving under only suspension, not revocation.

To prove that Mulinix was driving under revocation, the State presented exhibit 2 at trial, which appears to be a journal entry from the county court for Hall County. The journal entry, filed on September 20, 1991, provides that Mulinix pled guilty to his third DUI offense on June 24 and was sentenced on August 23. The journal entry further provides check boxes for the trial judge to mark, which boxes provide for the options of revoking, suspending, or impounding a defendant's operator's license. Exhibit 2 shows that the trial judge checked "suspended" and wrote "15 y[ea]rs" in a space left blank for purposes of inserting the length of license revocation or suspension. Another court form attached to the journal entry again states that Mulinix's operator's license was "suspended 15 y[ea]rs." Mulinix asserts that this proves

> it is clear from the record that the Hall County Court chose to suspend, not revoke, [Mulinix's] operator's license for fifteen years. . . . Therefore, the State failed to prove that the license had been revoked for fifteen years, and thus the second element of this offense was not proved beyond a reasonable doubt.

Brief for appellant at 7.

A review of the record shows that exhibit 2 indicates that on March 5, 2002, when Mulinix was stopped by Officer Colgan, Mulinix was subject to the Hall County Court's September 20, 1991, order directing him "not to drive in the State of Nebraska for [15 years]." Specifically, Mulinix pled guilty to his third DUI

offense. At the time Mulinix was cited for driving under revocation, third-offense DUI was codified at § 60-6,196, but at the time of Mulinix's third DUI offense, it was codified at Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1990), which provided in part:

> [T]he court shall, as part of the judgment of conviction, order such person not to drive any motor vehicle in the State of Nebraska for any purpose for a period of fifteen years from the date ordered by the court and shall order that the operator's license of such person be revoked for a like period.

Thus, the plain language of § 39-669.07 required that upon being convicted of a third DUI offense, one's operator's license *shall be revoked* for 15 years.

 It is true that the trial court, in its journal entry dealing with Mulinix's 1991 conviction, indicated that Mulinix's operator's license was suspended, not revoked, for 15 years following the conviction. However, the trial court's indication on the journal entry was invalid because the controlling statute, § 39-669.07, required that any person convicted of DUI, third offense, shall have his or her operator's license "revoked" for 15 years. The trial court did not have the discretion to merely suspend Mulinix's operator's license. "[W]hen statutory language is plain and unambiguous, no judicial interpretation is needed to ascertain the statute's meaning, so that, in the absence of a statutory indication to the contrary, words in a statute will be given their ordinary meaning." *State v. Woods*, 255 Neb. 755, 763-64, 587 N.W.2d 122, 128 (1998). "A statute, rule, or regulation is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous." *Id.* at 764, 587 N.W.2d at 128. Further, the trial court's journal entry complied with the purpose of § 39-669.07 in that it ordered Mulinix not to drive a motor vehicle in Nebraska for 15 years. Thus, regardless of the trial court's clerical error, Mulinix's operator's license was revoked for 15 years after he was convicted of his third DUI offense.

Further, the Nebraska Supreme Court has previously indicated that in situations such as the one at bar, substitution of "revocation" with "suspension" has no prejudicial effect. In the instant case, the county court's 1991 order was meant to prohibit Mulinix from operating a motor vehicle in the State of Nebraska for 15 years, regardless of whether it referred to the prohibition as a

"revocation" or as a "suspension." In discussing a similar situation to the one encountered by Mulinix, the Nebraska Supreme Court found that " '[w]hile law enforcement should use [the] terms [revocation and suspension] accurately, there is no indication that the defendant was prejudiced in any way. Further, the two terms function similarly here.' " *State v. Jost*, 219 Neb. 162, 167, 361 N.W.2d 526, 530 (1985).

Mulinix admits that he was driving the vehicle pulled over by Officer Colgan on March 5, 2002. The record suggests that on June 24, 1991, Mulinix pled guilty to his third DUI offense, for which he was sentenced on August 23. Pursuant to § 39-669.07, Mulinix's operator's license was revoked for 15 years following his conviction of DUI, third offense. Viewing the evidence in the light most favorable to the prosecution, we determine Officer Colgan's testimony and exhibit 2 provide sufficient evidence to sustain Mulinix's conviction of driving with a revoked operator's license from previous DUI convictions. Thus, this assignment of error is without merit.

### (b) No Valid Registration

Mulinix next asserts that there was insufficient evidence presented to support his conviction of driving without a valid registration. Neb. Rev. Stat. § 60-325 (Reissue 1998) provides in part: "No person shall operate, drive, or park a motor vehicle . . . on the public highways unless such vehicle at all times carries in or upon it, subject to inspection by any peace officer, the registration certificate furnished for it." Mulinix concedes that "he operated or drove a motor vehicle in Hall County, Nebraska, on or about March 5, 2002." Brief for appellant at 8. However, he alleges that "[i]t is clear from Officer Colgan's testimony that [Mulinix] did produce a registration certificate for the vehicle, that he did submit that certificate to Officer Colgan for his inspection, and that Officer Colgan took the certificate and kept it." *Id.* Thus, Mulinix claims that the State did not prove beyond a reasonable doubt that he committed the offense of driving without a valid registration.

At trial, Officer Colgan testified that he asked Mulinix to produce registration for the vehicle Mulinix was driving, but that Mulinix was unable to produce such registration. Officer Colgan

also testified that Mulinix was "cited for no proof of registration." On cross-examination, Officer Colgan did say that Mulinix provided "a registration as well as a bill of sale [for the vehicle], which was beyond the 30-day scope." Although Officer Colgan's testimony appears to conflict in this regard, the jury clearly chose to accept Officer Colgan's testimony on direct examination that Mulinix was unable to provide a valid registration for the vehicle he was driving. "[A]n inconsistent or contradictory statement by a witness who is not a party opponent is a factor which may affect a jury's evaluation of a witness' credibility or weight to be given such witness' testimony." *State v. Osborn*, 241 Neb. 424, 431, 490 N.W.2d 160, 166 (1992). "In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence." *State v. Jackson*, 264 Neb. 420, 426, 648 N.W.2d 282, 289 (2002). Looking at the evidence in the light most favorable to the State, Officer Colgan's testimony was sufficient to show that Mulinix was unable to produce a valid registration certificate for the vehicle he was driving. Accordingly, this assignment of error is without merit.

### (c) Possession of Open Alcoholic Container in Vehicle

Mulinix also alleges that insufficient evidence was produced to support his conviction of possessing an open alcoholic container in a vehicle. Neb. Rev. Stat. § 60-6,211.08(2) (Cum. Supp. 2002) provides the elements of possession of an open alcoholic container in a vehicle, stating: "It is unlawful for any person in the passenger area of a motor vehicle to possess an open alcoholic beverage container while the motor vehicle is located in a public parking area or on any highway in this state." Mulinix asserts that "the State failed to prove the essential elements of the identification of the container and possession of the container beyond a reasonable doubt." Brief for appellant at 9.

At trial, Officer Colgan testified that an open container was "located in between the front two seats of the vehicle adjacent to the driver's-side right rear corner [and that i]t was a container of alcohol, beer." The officer also testified that the container was "partially empty." On cross-examination, Officer Colgan said that

the container was "labeled as a container of alcohol or beer. I do not recall the brand of beer." When asked why he believed it was a container of alcohol, he testified:

> [T]he odor of an alcoholic beverage that I associate with beer came from the can, and when I dumped it out, the consistency of the liquid within the container also appeared to be an alcoholic beverage, beer, and as it hit the pavement along the curb, it foamed in a manner consistent with beer.

Officer Colgan testified that the container was photographed and thrown away and that he did not have the container or the photograph with him.

Mulinix appears to argue that the State's evidence failed to prove that the container held an alcoholic beverage. However, Officer Colgan testified that he was familiar with what beer is, looks like, and smells like. He further testified that he has observed nonalcoholic beers and that while they look and foam like beer, he did not recall nonalcoholic beer having "the alcoholic tinge to the odor" as does beer containing alcohol. Officer Colgan's testimony was that the container found in the passenger area of the vehicle driven by Mulinix contained an alcoholic beverage, and the jury was free to give weight to the fact that Officer Colgan was an experienced police officer who was familiar with the look and odor of beer. Thus, viewed in the light most favorable to the State, Officer Colgan's testimony was sufficient to sustain Mulinix's conviction of possessing an open alcoholic container in a vehicle. As a result, this assignment of error is without merit.

## 2. Excessive Sentences

Mulinix next alleges that the district court abused its discretion when it imposed excessive sentences upon him. The district court imposed upon Mulinix a sentence of 1 to 2 years' imprisonment for his conviction of driving with a revoked operator's license from previous DUI convictions. The court further ordered him to pay a $100 fine for his conviction on one count of driving without a valid registration and a $50 fine for his conviction on one count of possessing an open alcoholic container in a vehicle.

Driving with a revoked operator's license from previous DUI convictions is a Class IV felony, which is punishable by a

maximum of 5 years' imprisonment, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2002) and § 60-6,196(6). Driving without a valid registration is a Class III misdemeanor, which is punishable by a maximum of 3 months' imprisonment, a $500 fine, or both. See Neb. Rev. Stat. §§ 28-106 (Cum. Supp. 2000) and 60-348 (Reissue 1998). Possessing an open alcoholic container in a vehicle is a traffic infraction which is punishable by a maximum of a $100 fine. See Neb. Rev. Stat. § 29-436 (Reissue 1995).

■ "Sentences within statutory limits will be disturbed by an appellate court only if the sentences complained of were an abuse of judicial discretion." *State v. Hurbenca*, 266 Neb. 853, 865, 669 N.W.2d 668, 677 (2003). "A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition." *State v. Smith*, 266 Neb. 707, 712, 668 N.W.2d 482, 486 (2003).

Mulinix argues that he was

> deprived of a just result by being sentenced to imprisonment for one to two years [for driving with a revoked operator's license from previous DUI convictions] and to the payment of fines [for driving without a valid registration and for possessing an open alcoholic container in a vehicle] when a sentence of probation would have served any and all penal needs.

Brief for appellant at 10. Mulinix further alleges that the district court "erred by not properly weighing [Mulinix's] background, the complete lack of violence in the commission of the offenses of which he was convicted, and [his] rehabilitative needs." *Id.* at 11.

In sentencing Mulinix, the district court considered the presentence investigation as well as the comments of the State, Mulinix's attorney, and Mulinix himself. The court found that Mulinix was not an appropriate candidate for probation. While Mulinix did not participate in the presentence investigation, the record and the presentence investigation indicate that Mulinix has an extensive criminal history and that he has been unsuccessful with probation in the past. Each of Mulinix's sentences is on the low end of the sentencing guidelines. We are unable to say that the district court abused its discretion when it sentenced

Mulinix. Thus, this assignment of error is without merit, and the district court's sentencing of Mulinix is affirmed.

## VI. CONCLUSION

We find that sufficient evidence was presented at trial to support each of Mulinix's convictions and that the district court did not abuse its discretion when it imposed its sentences upon Mulinix. Accordingly, the judgment of the district court is affirmed in its entirety.

AFFIRMED.