STATE OF NEBRASKA, APPELLEE, V.
JOSHUA BELK, APPELLANT.
703 N.W.2d 652

Filed September 27, 2005.    No. A-04-1141.

Dennis R. Keefe, Lancaster County Public Defender, and Scott P. Helvie for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.

INBODY, Chief Judge.

## INTRODUCTION

The district court for Lancaster County, Nebraska, granted Joshua Belk's motion for postconviction relief, granting Belk the right to a new direct appeal. Belk has now appealed his convictions and sentences stemming from his pleas of no contest to two counts of sexual assault of a child. For the reasons set forth herein, we affirm Belk's convictions and sentences.

## STATEMENT OF FACTS

On January 29, 2003, Belk was charged by information with one count of first degree sexual assault on a child, which is a Class II felony. The matter was to come on for trial on July 21 but was subsequently rescheduled for July 29. On July 22, the State and Belk notified the court that the parties had arrived at a plea agreement. Pursuant to the agreement, on that same date, Belk was charged by amended information with two counts of sexual assault of a child, which is a Class IIIA felony. Belk pled no contest to the two counts of sexual assault of a child, and the court accepted the pleas and found Belk guilty of two counts of sexual assault of a child. The amended information was filed with the district court clerk the next day. On September 10, the district court sentenced Belk to terms of 3 to 5 years' imprisonment on each count of sexual assault of a child. The sentences were ordered to run consecutively to each other. Belk was given credit for 244 days already served. No direct appeal was filed.

On November 18, 2003, Belk filed a motion for postconviction relief. In his motion, Belk sought to have his convictions and sentences vacated on the following grounds:

a. That [Belk's] rights under Article I, Section 3 of the Nebraska Constitution, and the Fifth and Fourteenth Amendment[s] under the United States Constitution were violated when [Belk's] attorney refused to prosecute a direct appeal at the request of [Belk] within the allotted time limit.

b. That [Belk's] rights under Article I, Section 11 of the Nebraska Constitution, and the Sixth Amendment rights under the Constitution of the United States were violated when [Belk's] attorney refused to prosecute a direct appeal at the request of [Belk] within the allotted time limit.

c. [Belk's] rights under Article I, Section 23 of the Nebraska Constitution were violated when [Belk's] attorney refused to prosecute a direct appeal at the request of [Belk] within the allotted time limit.

d. Had the [aforementioned] error not occurred, [Belk] would have been able to appeal his prosecution to the [N]ebraska Supreme Court.

A hearing was held on Belk's motion on May 4, 2004, and at the conclusion of the hearing, the district court took the matter under advisement. On September 10, the district court entered its order. The court found that Belk and his attorney "did not discuss [Belk's] right to appeal on September 10, 2003." The court next found that "[o]n September 16, 2003, [Belk's attorney] sent a letter to [Belk] setting forth his requirements of [Belk] before [the attorney] would file an appeal." The court further found, "[Belk's wife] took a check to [the attorney's] office on October 6, 2003, along with a letter giving [the attorney] permission to file [an] appeal, but [the attorney's] assistant would not accept either and said that [the attorney] would call. He did not call."

The court concluded that Belk's trial attorney "failed to act reasonably regarding [Belk's] right to file an appeal because he did not file the requested appeal re excessive sentence and he did not provide information to [Belk] regarding [Belk's] right to request in forma pauperis status regarding an appeal." Therefore, the court held that Belk's "motion for postconviction relief is

sustained for the reasons set forth above" and ordered that "[Belk] is hereby granted a new direct appeal re the issue of excessive sentence." The district court appointed the Lancaster County public defender's office to represent Belk in his direct appeal, and Belk has timely appealed to this court.

## ASSIGNMENTS OF ERROR

Belk contends, restated, that he received ineffective assistance from his trial counsel for numerous reasons and that the district court abused its discretion when it imposed excessive sentences upon him.

## STANDARD OF REVIEW

■ Claims of ineffective assistance of counsel raised for the first time on direct appeal do not require dismissal ipso facto; the determining factor is whether the record is sufficient to adequately review the question. When the issue has not been raised or ruled on at the trial court level and the matter necessitates an evidentiary hearing, an appellate court will not address the matter on direct appeal. *State v. Hubbard*, 267 Neb. 316, 673 N.W.2d 567 (2004).

■ An appellate court always reserves the right to note plain error which was not complained of at trial. *State v. Davlin*, 263 Neb. 283, 639 N.W.2d 631 (2002).

■ An appellate court will not disturb sentences that are within statutory limits, unless the district court abused its discretion in establishing the sentences. *State v. Mulinix*, 12 Neb. App. 836, 687 N.W.2d 1 (2004).

■ An abuse of discretion takes place when the sentencing court's reasons or rulings are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

## ANALYSIS

*Ineffective Assistance of Counsel.*

■ Belk's first five assignments of error, restated as a single assignment above, all claim that he received ineffective assistance from his trial counsel. However, the district court's order granting Belk's motion for postconviction relief limited the direct appeal to "the issue of excessive sentence." Belk has not appealed from the district court's order granting his motion for

postconviction relief. We note that since postconviction proceedings are special proceedings, and because the district court's decision affected a substantial right of Belk's, the district court's order was a final and therefore appealable order. See *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998).

Despite the fact that Belk failed to appeal from the district court's order limiting the issues of his direct appeal to the matter of excessive sentences, we note that an appellate court always reserves the right to note plain error which was not complained of at trial. *State v. Davlin, supra*. Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

The Nebraska Supreme Court has previously noted the following regarding the district court's power to grant postconviction relief:

In [*State v.*] *McCracken*, [260 Neb. 234, 615 N.W.2d 902 (2000), *abrogated on other grounds, State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002),] we specifically rejected the State's contention that the power conferred by the [Nebraska Postconviction Act] is limited to either setting aside a criminal judgment because of a violation of the defendant's constitutional rights or denying postconviction relief entirely. We held that in addition to the district court's express statutory power to void the entire criminal proceedings, a district court had implicit authority to grant a new direct appeal "where the evidence establishes a denial or infringement of the right to effective assistance of counsel at the direct appeal stage of the criminal proceedings."

*State v. Meers*, 267 Neb. 27, 29-30, 671 N.W.2d 234, 236-37 (2003).

Although the district court has the implicit authority to grant a new direct appeal in a postconviction action, we are unable to find any authority that grants a district court the power to limit the issues of that direct appeal, and we determine that in a postconviction action, the district court does not possess the

power to limit the issues when it grants a new direct appeal. Therefore, we find that it was plain error for the district court to limit the direct appeal granted to Belk to the issue of excessive sentences. If a judgment is entered without jurisdiction of the person or the subject matter or in excess of the court's power, it is void and may be collaterally impeached. *In re Interest of William G.*, 256 Neb. 788, 592 N.W.2d 499 (1999). Because that portion of the district court's order limiting Belk's direct appeal was in excess of the court's power, it is void. As a result, Belk is entitled to a full direct appeal.

After examining the record and each of Belk's allegations of ineffective assistance of counsel, it is clear to us that the record before us is not sufficient to properly address his allegations. A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *State v. Cook*, 266 Neb. 465, 667 N.W.2d 201 (2003). The determining factor is whether the record is sufficient to adequately review the question. *Id.* If the matter has not been raised or ruled on at the trial level and requires an evidentiary hearing, an appellate court will not address the matter on direct appeal. *Id.* We conclude in the instant case that the record on direct appeal is not sufficient to adequately review Belk's arguments regarding ineffective assistance of counsel, and because these matters have not been raised or ruled on at the trial level and may require an evidentiary hearing, we will not address these matters on direct appeal.

*Excessive Sentences.*

Belk alleges that the district court abused its discretion when it imposed excessive sentences upon him. As mentioned earlier, Belk was convicted of two counts of sexual assault of a child. He was sentenced to 3 to 5 years' imprisonment on each count, was given credit for 244 days already served, and was ordered to pay the costs of prosecution. Belk's sentences were ordered to run consecutively to each other. Sexual assault of a child is a Class IIIA felony, and the sentencing range for Class IIIA felonies is up to 5 years' imprisonment or a $10,000 fine.

An appellate court will not disturb sentences that are within statutory limits, unless the district court abused its discretion in establishing the sentences. *State v. Mulinix*, 12 Neb. App. 836,

687 N.W.2d 1 (2004). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Alba*, 13 Neb. App. 519, 697 N.W.2d 295 (2005).

Belk alleges that his sentences were excessive because, "[d]espite the existence of numerous mitigating circumstances and the lack of any significant criminal history . . . Belk was sentenced to substantial minimum sentences and maximum, maximum sentences for the two class IIIA felonies for which he was convicted." Brief for appellant at 22. Belk points out that he was the only child of a single parent, that he never met his natural father, that his homelife was inadequate, that he suffered physical abuse at the hands of his stepfather, that he was exposed to domestic violence and drug use as a child, that his mother gave him marijuana, and that he was removed from his mother's care and placed in foster care when he was 15 years old. He also notes that his sentences created substantial hardship for his family and children. Belk suggests that "[h]ad [he] not been incarcerated, he would have been able to work, pay taxes, and provide financial support for his wife and their mutual child" and would have been able to pay child support for his other children. *Id.* at 23.

Belk's brief notes that "[i]n spite of [his] disadvantaged background, [Belk] reached the age of 30 . . . with a relatively minimal criminal record." *Id.* at 22. Belk claims that prior to the crimes in the instant case, he "had no prior history of violent or aggressive behavior, no prior felony convictions, and no arrests or convictions for sex offenses." *Id.* at 23. Belk contends that "[g]iven this fact and the fact that his prior convictions were almost exclusively related to the operation of motor vehicles, the court's combined sentences of not less than six nor more than 10 years imposed a punishment against [Belk] which was much greater than his criminal history would warrant." *Id.* Belk further notes that he pled no contest to the instant charges, saving the State money and saving the victims from having to testify.

In imposing a sentence, a sentencing judge should consider the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past

criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Faber*, 264 Neb. 198, 647 N.W.2d 67 (2002). In considering a sentence, a court is not limited in its discretion to any mathematically applied set of factors. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observations of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *State v. Kula*, 262 Neb. 787, 635 N.W.2d 252 (2001).

An examination of the factors to be considered in imposing a sentence reveals that the district court clearly did not abuse its discretion when it imposed its sentences upon Belk. The presentence report reveals that Belk was 29 years old at the time he committed the crimes in the instant case, while one of his victims was 6 years old and the other victim was 8 years old. The presentence report also reflects that the 6-year-old victim alleged that Belk digitally penetrated her, while the 8-year-old victim alleged that Belk touched her "private parts" with his hand and that he " 'tried to put his private in [hers].' " He was an experienced adult, while the children were susceptible and vulnerable. His crimes were undoubtedly traumatic for his victims. The record indicates that the trial court examined the presentence report prior to sentencing Belk, and the court, when it imposed its sentences, noted that "if the Court were to impose sentences less than the ones about to be imposed, it would . . . depreciate the seriousness of these crimes and promote disrespect for the law."

Belk's sentences are clearly within the statutory range for the crimes he committed. The reasons and rulings of the trial judge in sentencing Belk were not clearly untenable and did not unfairly deprive Belk of a substantial right or deny him a just result in the instant case. The district court did not abuse its discretion when it imposed its sentences upon Belk, and this assignment of error is entirely without merit.

## CONCLUSION

The record in the instant case is not sufficient to properly address Belk's allegations of ineffective assistance of counsel. Further, we find that the trial court did not abuse its discretion

when it imposed its sentences upon Belk. Accordingly, Belk's convictions and sentences are affirmed.

Affirmed.